KENJI M. PRICE #10523
United States Attorney
District of Hawaii

MICHAEL NAMMAR
Assistant U.S. Attorney
Room 6100, PJKK Federal Building
300 Ala Moana Blvd.
Honolulu, Hawaii  96850
Telephone:  541-2850
Facsimile:  541-2958
E-mail: michael.nammar@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
**Jan 02, 2020**
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, | MAG. NO. 20-00009 KJM |
| Plaintiff, | CRIMINAL COMPLAINT |
| vs. | |
| MITSUO SUMIDA, | |
| Defendant. | |

CRIMINAL COMPLAINT



SEALED
BY THE ORDER OF THE COURT

I, the undersigned complainant, being duly sworn, state the following is true and correct to the best of my knowledge and belief:

Count 1
Attempted Bulk Cash Smuggling
31 U.S.C. § 5332(a)

On or about September 15, 2019, in the District of Hawaii, the defendant, MITSUO SUMIDA, with the intent to evade a currency reporting requirement under Title 31, United States Code, Section 5316, did knowingly conceal more than $10,000 in currency, namely approximately $34,150 in United States dollars on his person and in an article of luggage, and did attempt to transport such currency from a place outside the United States to a place within the United States.

All in violation of Title 31, United States Code, Section 5332(a)(1) and (b).

Count 2
Falsely Reporting Monetary Instruments
31 U.S.C. § 5324(c)

On or about September 15, 2019, in the District of Hawaii, the defendant, MITSUO SUMIDA, knowingly and for the purpose of evading the currency reporting requirement under Title 31, United States Code, Section 5316, filed a report required under Title 31, Untied States Code, Section 5316(a)(1)(b), which report contained a material misstatement of fact, namely the defendant submitted a U.S. Customs and Border Protection Form 6059B to U.S. Customs and Border

Protection at primary U.S. Customs and Border Protection inspection in the Honolulu International Airport indicating that he was not carrying currency or monetary instruments over $10,000 in U.S. currency or the foreign equivalent, well knowing and believing that he in truth and fact was carrying currency or monetary instruments over $10,000 in U.S. currency or the foreign equivalent.

All in violation of Title 31, United States Code, Section 5324(c)(2) and (d)(1).

<u>Count 3</u>
Attempted Bulk Cash Smuggling
31 U.S.C. § 5332(a)

On or about December 29, 2019, in the District of Hawaii, the defendant, MITSUO SUMIDA, with the intent to evade a currency reporting requirement under Title 31, United States Code, Section 5316, did knowingly conceal more than $10,000 in currency, namely approximately $14,677.73 ($5,032 in United States dollars and $1,056,000 in Japanese Yen) on his person and in an article of luggage, and did attempt to transport such currency from a place outside the United States to a place within the United States.

All in violation of Title 31, United States Code, Section 5332(a)(1) and (b).

//

//

//

<u>Count 4</u>
Falsely Reporting Monetary Instruments
31 U.S.C. § 5324(c)

On or about December 29, 2019, in the District of Hawaii, the defendant, MITSUO SUMIDA, knowingly and for the purpose of evading the currency reporting requirement under Title 31, United States Code, Section 5316, filed a report required under Title 31, Untied States Code, Section 5316(a)(1)(b), which report contained a material misstatement of fact, namely the defendant submitted a U.S. Customs and Border Protection Form 6059B to U.S. Customs and Border Protection at primary U.S. Customs and Border Protection inspection in the Honolulu International Airport indicating that he was not carrying currency or monetary instruments over $10,000 in U.S. currency or the foreign equivalent, well knowing and believing that he in truth and fact was carrying currency or monetary instruments over $10,000 in U.S. currency or the foreign equivalent.

All in violation of Title 31, United States Code, Section 5324(c)(2) and (d)(1).

//

//

//

//

I further state that I am a Special Agent with the Department of Homeland Security, Homeland Security Investigations. This Complaint is based on the following affidavit which is attached hereto and incorporated herein.

Dated: January 2, 2020, at Honolulu, Hawaii.

CASEY MILLER
Special Agent,
Department of Homeland Security
Homeland Security Investigations

This Criminal Complaint and Affidavit in support thereof were presented to, approved by, and probable cause to believe that the defendant above-named committed the charged crime found to exists by the undersigned Judicial Officer at __4:54__ p.m. on January __2__, 2020.

Sworn to under oath before me telephonically, and attestation acknowledged pursuant to Federal Rule of Criminal Procedure 4.1(b)(2), on this __2nd__ day of January 2020, at Honolulu, Hawaii.

Kenneth J. Mansfield
United States Magistrate Judge

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

Casey Miller, after being duly sworn, deposes and states as follows:

1. I am a "law enforcement officer of the United States" within the meaning of Title 18, United States Code, Section 2510(7), who is empowered by law to conduct investigations, and make arrests.

2. I am a Special Agent with the Department of Homeland Security (DHS), Immigration and Customs Enforcement (ICE), Homeland Security Investigations (HSI), currently assigned to HSI Honolulu. I have been employed as a Special Agent since January 2019. I have received over 700 hours of training at the Federal Law Enforcement Training Center in such areas including, but not limited to: criminal law, immigration law, narcotics investigations, crime scene processing, interview techniques, search warrant application, firearms, arrest techniques, and criminal procedures. Prior to my employment with HSI, I was a Border Patrol Agent with the United States Border Patrol from 2009 to 2019, where I served as a Task Force Officer assigned to HSI conducting criminal investigations for approximately two years. I am currently assigned to the National Security Group which is responsible for investigating vulnerabilities in the nation's border, infrastructure, and economic and transportation systems. In the course of my duties, I have investigated, apprehended, and prepared for prosecution cases against persons who have illegally entered the United States, which are criminal violations set forth in the Immigration and Nationality Act.

3. This affidavit is in support of a criminal complaint charging Mitsuo SUMIDA with Attempted Bulk Cash Smuggling, in violation of Title 31, United States Code, Section 5332(a), and Falsely Reporting Monetary Instruments, in violation of Title 31, United States Code, Section 5324(c)(2). This affidavit is intended only to establish that there is probable cause to conclude that SUMIDA committed the aforementioned offenses and is based upon my personal knowledge, and information furnished to me by other federal law enforcement officers. This affidavit does not set forth all of my knowledge about this matter.

4. On April 30, 2017, Customs and Border Protection (CBP) Officers were conducting an inbound inspection of regularly scheduled international flights arriving at the Honolulu International Airport. CBP Officers provided the passengers a CBP Currency Reporting Form 6059B. A passenger later identified as

Mitsuo SUMIDA completed the form and declared he was not carrying any currency in excess of $10,000. After his declaration, SUMIDA then claimed to CBP Officers in secondary inspection that he was not sure how much money he had in his possession. CBP Officers allowed SUMIDA to count his money and amend his declaration form. SUMIDA then claimed to have $11,345. CBP Officers then performed a full baggage check of SUMIDA's belongings and discovered that he was actually in possession of $13,463. CBP Officers again allowed SUMIDA to amend his declaration form.

5.   On September 15, 2019, SUMIDA again arrived at the Honolulu International Airport on an inbound flight from Japan. SUMIDA was inspected by CBP Officers at primary and stated that he was only in Honolulu on vacation. After making this statement about vacation, SUMIDA then changed his story stating that he was in Honolulu to invest in a food truck business and he was only staying for nine days. SUMIDA could not, however, provide the name of the food truck business. SUMIDA informed officers during primary inspection that he did not possess more than $10,000. SUMIDA did so orally and via the CBP Currency Reporting Form 6059B. When SUMIDA was selected for a random baggage inspection, he then claimed that he was in possession of more than $10,000. SUMIDA told officers that he had intentionally lied to the officer during the primary inspection because he thought if he declared his money that it would be taken away. During the second inspection it was revealed that SUMIDA was attempting to enter with $34,150 in United States Currency. At this time, SUMIDA also claimed that the money was to pay real estate tax for property that he owns in Hawaii. SUMIDA had large sums of money in both his carryon luggage and in his checked baggage. As in the previous event, SUMIDA was allowed to amend his declaration. SUMIDA was advised that all currency over $10,000 must be declared and that failure to declare currency can lead to seizure of undeclared monies.

6.   On December 29, 2019, SUMIDA again arrived at the Honolulu International Airport. At primary inspection, SUMIDA again submitted a CBP 6059B form declaring no currency in excess of $10,000. At the baggage counter, SUMIDA was given the opportunity and declined to amend his declaration. At that time, SUMIDA was also advised of the currency reporting requirements. SUMIDA then indicated on the back of the CBP 6059B form that he was in possession of $1,500 United States dollars and zero Japanese Yen, and signed to confirm the amounts. SUMIDA was then asked if there was any additional currency other than the $1,500 United States dollars to declare, to which SUMIDA said no. A baggage inspection

was conducted by CBP Officers and SUMIDA was found to be in possession of a combined total of $14,677.73 ($5,032 USD and $1,056,000 Japanese Yen). When asked why he did not declare the discovered money when given several chances to, SUMIDA stated that he just grabbed all the money he found and no other reason.

7.      Based on the foregoing, I believe there is probable cause to conclude that MITSUO SUMIDA committed the offense of Attempted Bulk Cash Smuggling into the United States in violation of Title 31, United States Code, Section 5332(a) and Falsely Reporting Monetary Instruments, in violation of Title 31, United States Code, Section 5324(c)(2).

FURTHER AFFIANT SAYETH NAUGHT.

CASEY MILLER
Special Agent,
Department of Homeland Security
Homeland Security Investigations

This Criminal Complaint and Affidavit in support thereof were presented to, approved by, and probable cause to believe that the defendant above-named committed the charged crime found to exists by the undersigned Judicial Officer at 4:54 p.m. on January 2, 2020.

Sworn to under oath before me telephonically, and attestation acknowledged pursuant to Federal Rule of Criminal Procedure 4.1(b)(2), on this 2nd day of January 2020, at Honolulu, Hawaii.

Kenneth J. Mansfield
United States Magistrate Judge